# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **CHERYL DAVIS,** | )<br>) |
| Plaintiff, | ) Case No. 1:21CV00009<br>) |
| v. | ) **OPINION AND ORDER**<br>) |
| **MICHAEL DeWILDE, ET AL.,** | ) By: James P. Jones<br>) United States District Judge |
| Defendants. | )<br>) |

*D. Adam McKelvey, CRANDALL & KATT, Roanoke, Virginia, for Plaintiff; Christopher S. Dadak, GUYNN, WADDELL, CARROLL & LOCKABY, P.C., Salem, Virginia, for Defendant Michael DeWilde; James A.L. Daniel, Martha White Medley, and Panagiotis C. Kostopanagiotis, DANIEL, MEDLEY & KIRBY, P.C., Martinsville, Virginia, for Defendant Bland County Volunteer Fire Department.*

The plaintiff, invoking the court's diversity jurisdiction, has brought a tort action under Virginia law against a volunteer fire department and the operator of its fire truck arising out of a motor vehicle accident. The defendants have moved to dismiss a gross negligence claim against them pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the motions will be denied.

I.

The Complaint alleges the following facts, which I accept as true for the purposes of deciding the motions to dismiss.

On April 30, 2019, the plaintiff Cheryl Davis was operating a motor vehicle with reasonable care in the left lane on Interstate 77 in Bland County, Virginia. At the same time and place, defendant Michael DeWilde was driving a fire truck of defendant Bland County Volunteer Fire Department (Fire Department).[1] Without activating his emergency lights or sirens, DeWilde attempted to make a U-turn from the right lane into an emergency vehicle crossover. As a result, DeWilde's fire truck collided with Davis' vehicle in the left lane. Davis alleges that DeWilde had the duty to use reasonable care when operating the fire truck, and his negligent and grossly negligent conduct directly and proximately caused the plaintiff's injuries. Davis also seeks to hold the Fire Department vicariously liable because DeWilde was "volunteering for, acting on behalf of, and thus at all relevant times, had a vicarious relationship with [the Fire Department]." Stipulation, ECF No. 34.

Although not directly asserted in its Motion to Dismiss, the Fire Department appears to assume that it is entitled to immunity and may only be held liable for grossly negligent conduct, since it contends in its brief that absent gross negligence, "there is no vicarious liability for [the Fire Department]." Def.'s Br. Supp. Mot. Dismiss 6, ECF No. 18.

---

[1] The Complaint refers to the individual defendant as "Dewilde" but his counsel refers to him as "DeWilde," which spelling I will use herein.

The motions to Dismiss have been fully briefed and are ripe for decision.[2]

## II.

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court's "inquiry is to determine whether the facts alleged in the plaintiff's complaint are legally sufficient to state a claim upon which relief can be granted." *Fessler v. IBM Corp.*, 959 F.3d 146, 151–52 (4th Cir. 2020). "Because only the legal sufficiency of the complaint, and not the facts in support of it, are tested under a Rule 12(b)(6) motion, [the court] assume[s] the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *Id.* at 152. "To survive a motion to dismiss, [the court] require[s] 'only enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Negligence is shown when there is an "existence of a legal duty, violation of that duty, and proximate causation which results in injury." *Delk v. Columbia/HCA Healthcare Corp.*, 523 S.E.2d 826, 830 (Va. 2000). Gross negligence "is a degree of negligence showing indifference to another and an utter disregard of prudence

---

[2] I will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not significantly aid the decisional process.

that amounts to a complete neglect of the safety of such other person. This requires a degree of negligence that would shock fair-minded persons." *Cowan v. Hospice Support Care, Inc.*, 603 S.E.2d 916, 918 (Va. 2004). "Because 'the standard for gross negligence [in Virginia] is one of indifference, not inadequacy,' a claim for gross negligence must fail as a matter of law when the evidence shows that the defendants exercised some degree of care." *Elliott ex rel. Smith v. Carter*, 791 S.E.2d 730, 732 (Va. 2016) (quoting *Kuykendall v. Young Life*, 261 F. App'x 480, 491 (4th Cir. 2008) (unpublished)). Whether the plaintiff has established gross negligence is usually "a matter of fact to be decided by a jury." *Frazier v. City of Norfolk*, 362 S.E.2d 688, 691 (Va. 1987). Only when "persons of reasonable minds could not differ upon the conclusion that such [gross] negligence has not been established" may the court so rule. *Id.*

### III.

The defendants rely on various cases to support their argument that the court should dismiss the claim of the Complaint alleging gross negligence. I find that those cases are not persuasive because their facts differ markedly from those alleged here.

Two cases cited by the defendants, *Finney v. Finney*, 125 S.E.2d 191 (Va. 1962), and *Laster v. Tatum*, 146 S.E.2d 231 (Va. 1966), describe situations where

mitigating factors rendered the conduct as simple negligence. The *Finney* court ruled that the defendant's lack of attention to a malfunctioning stoplight did not amount to the utter disregard for others required for gross negligence when that defendant caused a vehicle accident at an intersection. 125 S.E.2d at 193. Similarly, the court in *Laster* held that the defendant did not commit gross negligence because particularly dangerous road mitigated his conduct. 146 S.E.2d at 234.

Here there is no allegation of any mitigating factors that might preclude a finding of gross negligence. One can reasonably infer that DeWilde should have known the cars around him would be traveling at high speeds on the Interstate. He did not activate his lights or sirens when he attempted a U-turn out of the right lane, crossing over the left lane, into the emergency vehicle crossover. At this stage, without a showing of any mitigating factors like the burned-out stop light in *Finney* or a perilous road in *Laster*, I cannot rule that DeWilde's alleged conduct was mere ordinary negligence.

The other two cases, *Davis v. Bryson*, No. 5:17-CV-00060, 2018 WL 1955825, at *12 (W.D. Va. Apr. 25, 2018), and *Muse v. Schleiden*, 349 F. Supp. 2d 990, 1000–01 (E.D. Va. 2004), present variations of the above cases. In these cases,

the defendants acted with simple negligence by committing routine traffic infractions and causing run-of-the-mill vehicle accidents.

Taking the facts alleged in the Complaint as true, DeWilde's conduct plausibly passes the gross negligence threshold. These facts suggest that DeWilde could have been acting with a "degree of negligence showing indifference to another and an utter disregard of prudence that amounts to a complete neglect of the safety of such other person" by causing the collision with Davis. *Cowan*, 603 S.E.2d at 918.

## IV.

For the reasons set forth above, it is **ORDERED** that the defendants' motions to dismiss, ECF Nos. 17 and 20, are DENIED.[3]

ENTER: July 21, 2021

/s/ JAMES P. JONES
United States District Judge

---

[3] The Motion to Dismiss filed on behalf of defendant DeWilde also moved for dismissal of a prior defendant, County of Bland a/k/a Bland County Board of Supervisors. That defendant, however, was later dismissed by stipulation under Rule 41(a)(1)(A)(ii).